IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| People for the Ethical Treatment of Animals, Inc., Matthew Howard; and Lexie Jordan, ) ) ) ) Plaintiffs, ) ) vs. ) ) Waccatee Zoological Farm; Kathleen Futrell ) (in her individual capacity and as the ) personal representative of the Estate of ) Archie Futrell); Jeff Futrell; Dakota Futrell ) Stienecker; and Austin Futrell, ) ) Defendants. ) ) | Case No.: 4:22-cv-01337-JD  **ORDER** |

People for the Ethical Treatment of Animals, Inc. ("PETA"), Matthew Howard, and Lexie Jordan (collectively, "Plaintiffs") have brought a lawsuit alleging violations of the Endangered Species Act ("ESA"), as well as state nuisance laws, concerning the numerous animal injuries and deplorable conditions at Waccatee Zoological Farm ("Waccatee Zoo" or "Waccatee"). (DE 1.) Defendant Waccatee Zoo has filed a motion to dismiss contending, among other reasons, that it is not a proper party to this case because it is not a legal entity. (DE 7.) In addition, Defendants Kathleen Futrell (in her individual capacity and as the personal representative of the Estate of Archie Futrell); Jeff Futrell; Dakota Futrell Stienecker; and Austin Futrell ("Futrell Defendants") have filed a motion to dismiss alleging, among other things, that they are not proper parties and are not subject to the personal jurisdiction of this Court.[1] (DE 6.)

---

[1] Although Futrell Defendants mention standing and personal jurisdiction in the motion, they have not presented any evidence or argument to support either legal theory. As such and at this early stage in this litigation without more, the Court is satisfied that Plaintiffs have alleged an injury in fact and they have established a prima facia case of personal jurisdiction.

1

Plaintiffs have filed a response to the motions (DE 14) and a Notice of Voluntary Dismissal of Defendants Kathleen Futrell only in her capacity as personal representative of the Estate of Archie Futrell (the "Estate"), and Dakota Futrell Stienecker ("Stienecker") (DE 13), which renders the motion moot as to the Estate and Stienecker. After reviewing the motion and memoranda submitted, the Court grants Defendant Waccatee's Motion to Dismiss (DE 7) and denies Defendants Kathleen Futrell, Jeff Futrell, and Austin Futrell's Motion to Dismiss (DE 6) for the reasons stated herein.

## BACKGROUND

The following summary is taken from the facts as alleged in Plaintiffs' Complaint. "Waccatee Zoo is an unaccredited roadside zoo in Myrtle Beach, South Carolina." (DE 1, ¶ 50.) "Defendant Waccatee Zoo is located at 8500 Enterprise Road, Myrtle Beach, SC 29588. It was established in 1988 and operates under a C-Class USDA exhibitor license (56-C-0230)." (DE 1, ¶ 23.) "At Waccatee, Defendants confine and exhibit over 460 animals, including mammals, birds, and reptiles, and charge the public entrance fees to view and interact with the animals." (DE 1, ¶ 51.) "Animals at Waccatee Zoo are frequently denied the most basic necessities, including wholesome food, potable water, adequate veterinary care, and daily care by staff experienced in generally accepted animal husbandry practices." (DE 1, ¶ 52.) "The enclosures confining animals at Waccatee Zoo are inadequate and unsanitary, chronically littered with animal and food waste, void of proper environmental enrichment, and often in disrepair." (DE 1, ¶ 53.) "On information and belief, Defendants do not possess a permit from the Secretary of the Interior to 'take' Listed Species under 16 U.S.C. § 1539(a)(1)(A)." (DE 1, ¶ 54.) "Defendants together are responsible for the operation of one of the worst roadside zoos in America." (DE 1, ¶ 1.)

Kathleen Futrell owned and operated Waccatee with her late husband Archie. Kathleen Futrell currently oversees day-to-day operations, manages animal care, and participates in USDA

inspections. (DE 1, ¶¶ 24-25.) As to Austin Futrell, Plaintiffs pled "[Austin] acts on behalf of Waccatee Zoo by, among other things, being involved in day-to-day operations and animal care." (DE 1, ¶ 28.) Specific to Jeff Futrell, Plaintiffs pled, "[Jeff] acts on behalf of Waccatee Zoo by, among other things, overseeing day-to-day operations, managing animal care, and participating in USDA inspections." (DE 1, ¶ 26.) The Complaint alleges that the animals at Waccatee Zoo are being harmed by not being housed in the proper social setting (Id. at ¶¶ 84, 117, 167, and 181), they are not provided adequate environmental enrichment (Id. at ¶¶ 89, 111, and 141), they are not housed in sanitary spaces (Id. at ¶¶ 78, 106, 157, and 132), they are not provided adequate nutrition and water (Id. at ¶¶ 89, 117, and 172), and they are forced to interact with the public in a way that increases their physical and psychological stress and are not provided adequate veterinary care (Id. at ¶¶ 64, 69, 96, 118, and 148).

In addition, the Complaint alleges there have been citations from the United States Department of Agriculture ("USDA") and South Carolina regulators for harmful and deadly conditions resulting from improper care by owners and staff at the zoo. (See DE 1, ¶¶ 2, 55, 56, 66, 89, 93, 98, 128, 131, 134, 137, 143, 193, 194, 195, 199, 203, 205, 207, 209, 215, 217-224, and 235.) Furthermore, the Complaint notes that "[o]n February 28, 2022, the [USDA] fined Defendant Kathleen Futrell *(dba Waccatee Zoological Farm)* $7,800 in response to numerous alleged regulatory violations documented by USDA inspectors throughout 2020 and 2021 concerning the conditions of some of the animals or animal enclosures at Waccatee Zoo." (DE 1, ¶ 2, see also DE 1-1) (emphasis added).

## LEGAL STANDARD

A motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). "[A] motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove

3

no set of facts which would support its claim and would entitle it to relief." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Id. To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]' 'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## **DISCUSSION**

Waccatee asserts it should be dismissed from this case because it is not a legal entity and cannot be sued in its own name. (DE 7.) Plaintiffs oppose the motion asserting the issue is premature at this stage. Plaintiffs note the absence of any record of the business entity with the South Carolina Secretary of State's business registry. Moreover, Plaintiffs' pleading indicates that Kathleen Futrell is the owner of the company, and it alleges that she is operating under the trade name Waccatee Zoological Farm. (DE 14, p. 5.) See also (DE 1, ¶ 2); Snowden v. Checkpoint Check Cashing, 290 F.3d 631, 634 n.2 (4th Cir. 2002) ("It appears well settled that the use of a

4

fictitious or assumed business name does not create a separate legal entity and that the designation d/b/a is merely descriptive of the person or corporation who does business under some other name.") As to Waccatee itself, the Complaint only alleges that "Waccatee Zoo is an unaccredited roadside zoo in Myrtle Beach, South Carolina[,]" and that "Defendant Waccatee Zoo is located at 8500 Enterprise Road, Myrtle Beach, SC 29588." (DE 1, ¶ 50; DE 1, ¶ 23.) Accordingly, Plaintiffs have not alleged a plausible claim against Waccatee; and therefore, Waccatee is dismissed without prejudice.

As to Futrell Defendants' Motion to Dismiss for failure to state a claim (DE 6), Futrell Defendants contend Jeff Futrell and Austin Futrell are named parties because they are agents of Kathleen Futrell under a recorded power of attorney. Futrell Defendants assert that "Agents cannot be held liable for the actions, or inaction, of the Princip[al] and there is no basis for liability against the Defendants and they should be dismissed as improper parties." (DE 6, p. 5.) Notwithstanding this legal defense, Plaintiffs have alleged sufficient facts to support plausible claims against the Futrell Defendants. The Complaint alleges Kathleen Futrell oversees day-to-day operations, manages animal care, and participates in USDA inspections. (DE 1, ¶¶ 24-25.) As to Austin Futrell, Plaintiffs pled "[Austin] acts on behalf of Waccatee Zoo by, among other things, being involved in day-to-day operations and animal care." (DE 1, ¶ 28.) Specific to Jeff Futrell, Plaintiffs pled, "[Jeff] acts on behalf of Waccatee Zoo by, among other things, overseeing day-to-day operations, managing animal care, and participating in USDA inspections." (DE 1, ¶ 26.) Furthermore, the Complaint alleges animals exhibited at Waccatee Zoo are being harmed by not being housed in the proper social setting (Id. at ¶¶ 84, 117, 167, 181), are not provided adequate environmental enrichment (Id. at ¶¶ 89, 111, 141), are not housed in sanitary spaces (Id. at ¶¶ 78, 106, 157, 132), are not provided adequate nutrition and water (Id. at ¶¶ 89, 117, 172), are forced

5

to interact with the public in a way that increases their physical and psychological stress, and are not provided adequate veterinary care (Id. at ¶¶ 64, 69, 96, 118, 148).

The Court's function at the 12(b)(6) stage is limited to determining the legal sufficiency of a complaint, and in doing so, the Court finds that the Plaintiffs have pled sufficient facts and stated plausible claims for relief. "[A] motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Id. Accordingly, Futrell Defendants' Motion to Dismiss is denied.

## **CONCLUSION**

For the foregoing reasons, Defendant Waccatee's Motion to Dismiss (DE 7) is granted, and Defendants Kathleen Futrell, Jeff Futrell, and Austin Futrell's Motion to Dismiss (DE 6) is denied for the reasons stated herein.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

October 7, 2022
Florence, South Carolina